IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
JOSEPH UMBACH  :  3:08 CV 484 (EBB)
:
:
V.  :
:
CARRINGTON INVESTMENT PARTNERS  :  DATE: JUNE 7, 2012
(US), LP, CARRINGTON CAPITAL  :
MANAGEMENT, LLC and BRUCE ROSE  :
---------------------------------------------------------X

RULING ON DISCOVERY DISPUTE REGARDING COSTS

The factual and procedural history behind this litigation has been set forth in considerable detail in Judge Burns' Ruling on Defendants' Motion to Dismiss, filed February 18, 2009 (Dkt. #30), 2009 WL 413346, at *3-12, in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel and on Defendants' Motions to Compel, filed October 9, 2009 (Dkt. #74)["October 2009 Discovery Ruling"], 2009 WL 3287537, at *2-10, in Judge Burns' Ruling on Cross Motions for Summary Judgment, filed January 26, 2011 (Dkt. #137)["January 2011 Summary Judgment Ruling"], 2011 WL 284590, at *4-10, and in this Magistrate Judge's Ruling on Discovery Disputes, filed April 30, 2012 (Dkt. #158)["April 2012 Discovery Ruling"], familiarity with which is presumed. See also Dkt. #87 (additional discovery ruling). On September 3, 2009, and again on October 1, 2009, Judge Burns referred the file to this Magistrate Judge for discovery. (Dkts. ##56, 72). Under the latest scheduling order, all discovery is to be completed by August 31, 2012. (Dkt. #156).

I. DISCUSSION

With respect to plaintiff's request for additional discovery arising from assertions made in the affidavit of defendant Bruce Rose ["Rose Affidavit"], the April 2012 Discovery Ruling held:

>      Plaintiff is correct that the assertions made in ¶¶ 24, 27, 29, 30 and 41 of defendant Rose's Affidavit now have made some <u>limited</u> discovery necessary, in order for plaintiff to effectively cross-examine defendant Rose at his deposition, and requires some minor "tweaking" of the October 2009 Discovery Ruling.  However, the Magistrate Judge agrees with defendants that plaintiff's request should have been long ago, shortly after Judge Burns' January 2011 Summary Judgment Ruling, and that to the extent defendants bear any significant expense in restoring e-mails that have long ago been placed in archive, then plaintiff ought to bear some, if not all, of the expenses thereof.  Given plaintiff's unexplained delay in seeking these discovery requests, production largely will be limited to the reasonable accommodations initially offered by defendants.  Therefore, **on or before June 8, 2012**, defendants are to produce documents responsive to ¶ 24 of defendant Rose's Affidavit for the period after September 30, 2007, and are to produce documents responsive to ¶¶ 27, 29, 30 and 41 in defendant Rose's e-mail, limited to the time period June 30, 2007 through September 30, 2007, with the following fourteen search terms (redeem, redemption, request, possibility, amend, amendment, support, withdraw, withdrawal, demand, suspend, suspension, lock-up, and rescind), but contrary to defendants' position, this search <u>will include</u> e-mails between defendant Rose and the limited partners during this time period.
>
>      With respect to plaintiff's request for correspondence relating to the two other side letters where the relevant lock-up period was waived, **on or before June 8, 2012**, defendants are to produce relevant documents from the e-mails of defendant Rose and Tina Crowe with seven search terms (side letter, side letters, lock-up, conflict, precedence, Section 3.91 and Umbach), for the time period of January 1, 2004 through December 31, 2007.  If all relevant documents on this issue already were produced in late December 2009, as stated by defendants, then defendants will swear so under oath **on or before June 8, 2012**, or produce all additional responsive documents by that date.

(At 6-7)(emphasis in original).  The April 2012 Discovery Ruling continued:

>      **On or before May 14, 2012**, defendants will determine the cost of retrieving and reviewing these additional documents, and will so notify plaintiff of same.  In the unhappy event that counsel cannot agree on an allocation between the parties for these costs, then **on or before May 25, 2012**, counsel shall send letters to this Magistrate Judge summarizing their disputes on this issue, and counsel may send responsive letters to this Magistrate Judge **on or before June 1, 2012**.

(At 7)(emphasis in original).

Not surprisingly, given the utter lack of cooperation between counsel in this overly

contentious litigation, the "unhappy event" has occurred, that is, counsel have been unable to agree on an allocation between the parties for these costs. On May 25, 2012, plaintiff and defense counsel forwarded letters to this Magistrate Judge,[1] and both counsel responded in letters dated June 1, 2012.[2]

In his May 25, 2012 letter, plaintiff's counsel contends that the April 2012 Discovery Ruling was "premised on the receipt of false information[]" from defendants, namely that defendants' documents were archived on June 12, 2009, some eighteen months before Judge Burns' January 2011 Summary Judgment Ruling, so that plaintiff's late request for these documents would have had no impact upon defendants' costs in retrieving these documents. (At 1-2). Plaintiff further explains that his delay was occasioned by his "(incorrectly) optimistic" view the case might settle at the settlement conference held on July 13, 2011. (Id. at 2). Thus, plaintiff argues that he should not bear any costs "[i]n light of [defendants'] misrepresentations made to the Court. . . ." (Id.).

In contrast, in his May 25th letter, defense counsel represents that defendants had incurred $1,260 (21 hours at $60/hour) in restoring the requested e-mails and running search terms, as well as approximately $15,000 in reviewing them. (At 2 & Exh. A). Defense counsel further indicated that plaintiff had offered to reimburse defendants only $630 (one-half of the e-mail restoration costs), whereas defense counsel suggests that plaintiff pay two-thirds of the total costs, plus reasonable attorney's fees incurred. (Id. at

---

[1] Plaintiff's letter erroneously indicates that it is dated "March 25, 2012," and has attached copies of e-mail correspondence between counsel, dated May 14, 17 and 18, 2012.

Defendants' letter similarly has attached as Exh. A copies of e-mail correspondence between counsel, dated May, 14, 17 and 18, 2012.

[2] If either side files an objection to this discovery ruling, then the four letters will be docketed with the Clerk's Office on CM/ECF. (See also April 2012 Discovery Ruling, at 3, n. 3).

2 & Exh. A).

In his June 1st letter, plaintiff explains that because there are no "increased costs . . . . attributed to plaintiff's . . . delay[,] . . . there are absolutely no grounds to penalize plaintiff by requiring him to bear defendant's litigation costs in connection with a proper demand concerning relevant documents." (At 2). In their June 1st letter, defendants deny that there was any misrepresentation to the Court, in that the "archive date" of June 12, 2009 pre-dated defendants' December 2009 discovery efforts by six months, thus "requir[ing] significant duplication of [defendants'] prior review efforts." (At 1-2). Defendants indicate that their attorney's fees with respect to this issue are approximately $1,750.

This Magistrate Judge is dismayed that counsel have been unable to resolve a mere $16,260 item between themselves, once again imposing themselves upon the Court. There is no doubt that with plaintiff's new discovery requests, defendants have been forced to duplicate previous review efforts, although as plaintiff appropriately points out, the timing of these requests long after Judge Burns' January 2011 Summary Judgment Ruling is of no moment, particularly because the documents were archived in June 2009, prior to the filing of the Rose Affidavit in April 2010. The interests of justice compel that plaintiff reimburse defendants for the full $1,260 in retrieval costs, and forty percent of defendants' review costs, or $6,000, for a total of $7,260; no attorney's fees are awarded.

## II. CONCLUSION

Accordingly, plaintiff shall reimburse defendants a total of $7,260 as compensation for their retrieval and review costs in connection with plaintiff's latest discovery requests.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review

of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 7th day of June, 2012.


                                                __/s/ Joan G. Margolis, USMJ__
                                                Joan Glazer Margolis
                                                United States Magistrate Judge