IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
JOSEPH UMBACH : 3:08 CV 484 (EBB)
:
:
:
V. :
:
:
CARRINGTON INVESTMENT PARTNERS : DATE: SEPTEMBER 24, 2012
(US), LP, CARRINGTON CAPITAL :
MANAGEMENT, LLC and BRUCE ROSE :
---------------------------------------------------------X

RULING ON DISCOVERY DISPUTES

The factual and procedural history behind this far too acrimonious litigation has been set forth in considerable detail in the substantive rulings of Senior U.S. District Judge Ellen Bree Burns, namely her Ruling on Defendants' Motion to Dismiss, filed February 18, 2009 (Dkt. #30), 2009 WL 413346, and her Ruling on Cross Motions for Summary Judgment, filed January 26, 2011 (Dkt. #137), 2011 WL 284590, as well as the multiple discovery rulings issued by this Magistrate Judge,[1] namely her Ruling on Plaintiff's Motion to Compel, and on Defendants' Motions to Compel, filed October 9, 2009 (Dkt. #74)["October 2009 Discovery Ruling"], 2009 WL 3287537, Ruling Regarding Defendants' Second Set of Interrogatories, filed January 22, 2010 (Dkt. #87), Ruling on Discovery Disputes, filed April 30, 2012 (Dkt. #158)["April 2012 Discovery Ruling"], and Ruling on Discovery Dispute Regarding Costs, filed June 7, 2012 (Dkt. #159), familiarity with which is presumed.  Under the latest scheduling order, all discovery is to be completed on or before September 28, 2012.  (Dkt. #160).

This latest discovery skirmish began on August 30, 2012, when defense counsel

---

[1]On September 3, 2009, and again on October 1, 2009, Judge Burns referred the file to this Magistrate Judge for discovery.  (Dkts. ##56, 72).

forwarded a letter to this Magistrate Judge ["August 30 Letter"],[2] followed by a letter from plaintiff's counsel, dated September 5, 2012 ["September 5 Letter"],[3] followed by another letter from defense counsel two days later ["September 7 Letter"],[4] and followed by a responsive letter from plaintiff's counsel four days thereafter ["September 11 Letter I"].[5]

### A.  HSBC AND BNP DOCUMENTS

At issue here is defendants' request for an order authorizing non-parties HSBC Bank USA, N.A. ["HSBC"] and BNP Paribas ["BNP"] to produce plaintiff's account statements for the years 2005 through 2007, and other relevant documents relating to the issue of "haircuts," subject to the Standing Protective Order; defense counsel represents that both HSBC and BNP agree to produce confirmation agreements, account statements and if necessary, other documents evidencing haircuts, provided that all parties agreed to treat these documents as confidential under the Standing Protective Order, and "attorney's eyes only." (August 30 Letter at 2-6 & Exhs. 3-8).  Plaintiff argues that the documents sought go beyond the discovery ordered in the October 2009 Discovery Ruling, plaintiff already has

---

[2]The following eight exhibits are attached: copy of plaintiff's affidavit, previously filed on June 4, 2010 (Dkt. #100)(Exh. 1); copies of excerpts from plaintiff's deposition, taken on August 17, 2012 (Exh. 2); and copies of e-mails between counsel, dated August 8-9, 24, 27, 28, and 30, 2012 (Exhs. 3-8).

[3]The following four exhibits are attached: copy of e-mail between counsel, dated September 4, 2012, to which a subpoena, dated July 23, 2009 is attached (Exh. A); copy of another subpoena, also dated July 23, 2009 (Exh. C); and copies of e-mails, dated October 1, 2009 (Exh. D).

[4]Attached as Exh. 9 is a copy of an e-mail, dated September 6, 2012.

[5]The following two exhibits are attached: copy of affidavit of Paul Drumm of BNP, sworn to June 4, 2010 (Exh. 1); and copy of letter from BNP's counsel to defense counsel, dated September 14, 2009 (Exh. 2).

There are additional discovery issues raised in letters from counsel, dated September 11 and 20, 2012, the briefing of which has not been completed yet, and hence those issues will be addressed in a future ruling.

produced documents relating to at least thirty-six other unrelated investments where side letters were obtained, BNP and HSBC already produced relevant documents years ago and in response to the April 2012 Discovery Ruling; plaintiff does not object to production of other confirmations as long as plaintiff's other investments are redacted and has offered to stipulate that all investments made under the BNP and HSBC confirmations were subject to "haircuts." (September 5 Letter at 1-4 & Exh. D; see also September 11 Letter I, at 1-3 & Exhs. 1-2).

Defendants have responded that plaintiff has misread the October 2009 Discovery Ruling, that redaction is unwarranted because the unredacted confirmations, account statements and haircut documents are "vital to enable [defendants] to rebut" plaintiff's assertions about haircuts. (September 7 Letter at 1-3 & Exh. 9).

In order to protect the legitimate concerns of both sides, BNP and HSBC shall provide copies of all unredacted documents, subject to the Standing Protective Order, to this Magistrate Judge's Chambers for her in camera review, **on or before October 5, 2012**.

B.  SCHEDULING

As previously indicated, the deadline for discovery is September 28, 2012 (Dkt. #160), which shall remain the deadline, except for the limited number of discovery issues raised in these four letters (and the additional letters to be addressed in the future),[6] for which the discovery deadline has now been extended until **November 9, 2012**, which includes the HSBC and BNP depositions.

---

[6] See note 5 supra.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);**

Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 24th day of September, 2012.


  /s/ Joan G. Margolis, USMJ  
Joan Glazer Margolis  
United States Magistrate Judge