IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------X
:
JOSEPH UMBACH                                       :     3:08 CV 484 (EBB)
:
:
V.                                                  :
:
CARRINGTON INVESTMENT PARTNERS                      :     DATE: OCTOBER 11, 2012
(US), LP, CARRINGTON CAPITAL                        :
MANAGEMENT, LLC and BRUCE ROSE                      :
----------------------------------------------------X

RULING REGARDING ADDITIONAL DEPOSITION OF PLAINTIFF

The factual and procedural history behind this far too acrimonious litigation has been set forth in considerable detail in the substantive rulings of Senior U.S. District Judge Ellen Bree Burns, namely her Ruling on Defendants' Motion to Dismiss, filed February 18, 2009 (Dkt. #30), 2009 WL 413346, and her Ruling on Cross Motions for Summary Judgment, filed January 26, 2011 (Dkt. #137), 2011 WL 284590, as well as the multiple discovery rulings issued by this Magistrate Judge,[1] namely her Ruling on Plaintiff's Motion to Compel, and on Defendants' Motions to Compel, filed October 9, 2009 (Dkt. #74), 2009 WL 3287537, Ruling Regarding Defendants' Second Set of Interrogatories, filed January 22, 2010 (Dkt. #87), Ruling on Discovery Disputes, filed April 30, 2012 (Dkt. #158), Ruling on Discovery Dispute Regarding Costs, filed June 7, 2012 (Dkt. #159), Ruling on Discovery Disputes, filed September 24, 2012 (Dkt. #164)["September 2012 Discovery Ruling"], Ruling on Discovery Disputes, filed October 9, 2012 (Dkt. #165), and Ruling Following In Camera Review, filed October 10, 2012 (Dkt. #166)["October 2012 In Camera Review Ruling"], familiarity with which is presumed. Pursuant to the September 2012 Discovery Ruling, all discovery was to

---

[1]On September 3, 2009, and again on October 1, 2009, Judge Burns referred the file to this Magistrate Judge for discovery. (Dkts. ##56, 72).

be completed on or before September 28, 2012, except for the discovery that was still outstanding or was addressed in that ruling, for which the deadline is November 9, 2012. (At 3).

The pending discovery quarrel regarding a continued deposition of plaintiff has its genesis in the letter of defense counsel, dated September 27, 2012 ["September 27 Letter II"],[2] followed by a letter from plaintiff's counsel, dated October 5, 2012 ["October 5 Letter II"],[3] and followed by defendants' letter five days later ["October 10 Letter."][4]

According to defense counsel, plaintiff was deposed on August 17, 2012 for approximately seven hours,[5] but defense counsel was unable to complete the deposition, and specifically made clear that additional hours were required.  (September 27 Letter II at 1-2 & Plaintiff's Depo. at 320-21; October 10 Letter at 1-2).[6]   Defendants ask the Court to

---

[2]Attached as Exh. 1 is the complete transcript of plaintiff's deposition, taken on August 17, 2012 ["Plaintiff's Depo."].

[3]Attached is another complete transcript of plaintiff's deposition.

[4]As was previously the case, if either side files an objection to this discovery ruling, then the four letters will be docketed with the Clerk's Office on CM/ECF. (Dkt. #87, at 2, n.2; Dkt. #158, at 3, n.3; Dkt. #159, at 3, n.2; Dkt. #165, at 2, n.6).

[5]The deposition began at 8:58 a.m. and concluded at 6:03 p.m., with multiple breaks. (Plaintiff's Depo. at 2,322).

[6]The final colloquy was as follows:

> [DEFENSE COUNSEL]: I have more questions.
>
> [PLAINTIFF'S COUNSEL]: I'm sure you do.
>
> [DEFENSE COUNSEL]: I'm not going to finish today.  You may have one view as to whether it's possible or agreeable to resume.  I have likely another—the best I can tell you is I'm not finished.  Hopefully we can reach an agreement on this, if we can't–
>
> [PLAINTIFF'S COUNSEL]: Well, we can take this issue up at another time.
>
> [DEFENSE COUNSEL]: Sure.

exercise its "broad discretion" in permitting an extended deposition under FED. R. CIV. P. 30(d)(1) in that plaintiff is the "central figure in this lawsuit," there are "many, and often complex[]" issues in this litigation, the deposition was "noticeably slowed by the fact that [plaintiff] claimed unfamiliarity with almost every related document put in front of him," particularly with respect to his leverage investment programs with HSBC and BNP, and plaintiff's "often meandering or non-responsive" answers. (September 27 Letter II at 2-3 (internal citations omitted); October 10 Letter at 2-3). In addition, defendants argue that at the time of the deposition, they were not in possession of the documents from HSBC and BNP regarding "haircuts," about which plaintiff "disclaimed anything but the most basic recollection of such matters[,]" and which documents were the subject of the September 2012 Discovery Ruling and October 2012 <u>In Camera</u> Review Ruling (September 27 Letter II at 3 (internal citations omitted); October 5 Letter at 4-5). Thus, defendants seek an additional three-and-one-half hours with plaintiff, prior to the November 9 discovery

---

[PLAINTIFF'S COUNSEL]: I'm not in a position to agree to anything right now.  I would like to request a copy of the transcript, but in any event, I think at a minimum, we all are tired and it makes sense to conclude and that's what we'd like to do.

[DEFENSE COUNSEL]: Okay.  I just want to make very clear for the record, I'm willing to stay and ask more questions, but I understand your position.

[PLAINTIFF'S COUNSEL]: You know, I can tell [plaintiff] is extremely tired and I just don't think that it makes sense and I think you've had a full and fair and ample opportunity to cross-examine him, but in any event, we'll deal with this at another time.

[DEFENSE COUNSEL]: Fair enough.

(Plaintiff's Depo. at 320-21).

deadline.  (September 27 Letter at 3).[7]

In his letter-brief in opposition, plaintiff argues that defense counsel failed to create any record during the deposition of any shortcomings on plaintiff's part, that defendants' "characterization of the deposition is dubious at best[,]" that plaintiff was asked questions about documents he had not seen before, and that the "this case is a fairly simple one." (October 5 Letter II at 1-3).  In addition, plaintiff argues that any questions regarding the BNP and HSBC documents ought to have been directed to the banks' employees during their depositions.  (Id. at 3-4).

Contrary to defendants' arguments, a careful reading of the deposition transcript does not reflect plaintiff's lack of familiarity with "almost every related document put in front of him," or "often meandering or non-responsive answers" by him.  (September 27 Letter II at 2-3).[8]  However, contrary to plaintiff's arguments, a careful reading of the deposition transcript explicitly reveals defense counsel having created a record of his need to continue the deposition and of some shortcomings on plaintiff's part,[9] and this case is hardly "a fairly simple one[,]" as borne out by the extended and contentious discovery here, which necessitated eight discovery rulings by this Magistrate Judge, including this one, seven of

---

[7]The October 10 Letter sets forth the eleven remaining topics for questioning.  (October 5 Letter at 2-3).

[8]On two occasions, when the deposition was reaching its end, plaintiff's counsel reminded his client that he "need[ed] to listen to the question and understand what's being asked[]" because his "responses [were] kind of missing the target[,]" despite the fact that "it's late in the day and we're all kind of tired and maybe you need a break, maybe I need a break. . . ."  (Plaintiff's Depo. at 231-32; see also id. at 312-13)("Mr. Umbach, I need you to listen carefully to the question.  It seems to me that maybe–I realize that we have a few minutes left, but you're not focusing on the questions that are being asked, so please.").  See also id. at 127 (instruction from plaintiff's counsel to his client to "[l]isten to the question and answer the question."), 173 (same), 205-06 (same), 256 (same), 198 (instruction from plaintiff's counsel to his client to "[j]ust answer the question."), 270 (defense counsel asked plaintiff to "just stick to my question.")

[9]See notes 6 & 8 supra.

4

which have been filed in the last six months alone. (October 5 Letter II at 1-3).   Defense counsel is correct, however, that plaintiff's deposition occurred <u>prior</u> to production of the HSBC and BNP documents, which were the subject of the September 2012 Discovery Ruling and October 2012 <u>In Camera</u> Ruling.

Therefore, defendants' request for an extended deposition of plaintiff is <u>granted</u> under Rule 30(d)(1), so that defense counsel may depose plaintiff for an additional three-and-one-half hours, with respect to any questions which defense counsel did not have an opportunity to ask at the conclusion of the August 17, 2012 deposition and with respect to the HSBC and BNP documents to be produced by October 22, 2012.  Because plaintiff may be located in Florida right now, <u>if the parties agree</u>, the deposition may be taken by video-conference under Fed. R. Civ. P. 30(b)(4).

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)(failure to file timely objection to Magistrate Judge's discovery ruling <u>will</u> preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 11th day of October, 2012.

        <u>/s/ Joan G. Margolis, USMJ</u>
Joan Glazer Margolis
United States Magistrate Judge