IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
--------------------------------------------------X
                                      :
JOSEPH UMBACH                         :        3:08 CV 484 (EBB)
                                      :
                                      :
V.                                    :
                                      :
CARRINGTON INVESTMENT PARTNERS        :        DATE: NOVEMBER 7, 2012
(US), LP, CARRINGTON CAPITAL          :
MANAGEMENT, LLC and BRUCE ROSE        :
--------------------------------------------------X
```

<u>RULING ON FINAL DISCOVERY DISPUTES</u>

The factual and procedural history behind this far too acrimonious litigation has been set forth in considerable detail in the substantive rulings of Senior U.S. District Judge Ellen Bree Burns, namely her Ruling on Defendants' Motion to Dismiss, filed February 18, 2009 (Dkt. #30), 2009 WL 413346, and her Ruling on Cross Motions for Summary Judgment, filed January 26, 2011 (Dkt. #137), 2011 WL 284590, as well as the multiple discovery rulings issued by this Magistrate Judge,[1] namely her Ruling on Plaintiff's Motion to Compel, and on Defendants' Motions to Compel, filed October 9, 2009 (Dkt. #74), 2009 WL 3287537, Ruling Regarding Defendants' Second Set of Interrogatories, filed January 22, 2010 (Dkt. #87), Ruling on Discovery Disputes, filed April 30, 2012 (Dkt. #158), Ruling on Discovery Dispute Regarding Costs, filed June 7, 2012 (Dkt. #159), Ruling on Discovery Disputes, filed September 24, 2012 (Dkt. #164)["September 2012  Ruling"], Ruling on Discovery Disputes, filed October 9, 2012 (Dkt. #165)["October 9, 2012 Ruling"], Ruling Following <u>In Camera</u> Review, filed October 10, 2012 (Dkt. #166)["October 10, 2012 Ruling"], and Ruling Regarding Additional Deposition of Plaintiff, filed October 11, 2012 (Dkt. #167)["October 11,

---

[1]On September 3, 2009, and again on October 1, 2009, Judge Burns referred the file to this Magistrate Judge for discovery.  (Dkts. ##56, 72).

2012 Ruling"], familiarity with which is presumed.

Under the latest scheduling orders, all discovery was to be completed on or before September 28, 2012, except for the issues addressed in the September 2012 Discovery Ruling, the issues addressed in the October 9, 2012 Ruling, which are to be completed on or before November 9, 2012, the issues addressed in the October 10, 2012 Ruling, the continued deposition of plaintiff permitted in the October 11, 2012 Ruling, and the issues addressed in this ruling.  (Dkt. #160; Dkt. #164, at 3; Dkt. #165, at 7-8; Dkt. #167, at 5).

The remaining seven discovery issues have been addressed in the six letters forwarded to this Magistrate Judge between October 22, 2012 and October 31, 2012.  First, on October 22, 2012, defense counsel forwarded his letter ["October 22 Letter"], followed by a letter from plaintiff's counsel two days later ["October 24 Letter"], followed by defense counsel's letter the next day ["October 25 Letter"], followed a letter from plaintiff's counsel the next day ["October 26 Letter I"][2] and from defense counsel ["October 26 Letter II"] the next day, and finalized with a letter from defense counsel, dated October 31, 2012 ["October 31 Letter"].[3]

## 1.  MODIFICATION OF OCTOBER 10, 2012 RULING REGARDING EARLIER "HAIRCUT CALCULATORS" FROM HSBC AND BNP

The October 10, 2012 Ruling ordered HSBC to provide defense counsel with redacted

---

[2]The following three exhibits were attached: copy of Confirmation, dated December 8, 2004, from HSBC (Exh. 1); copy of complaint, dated February 2, 2010, in Spring Investor Servs., Inc. v. Carrington Capital Mgmt, LLC, with attachments (Exh. 2); and copy of e-mail between counsel, dated October 22, 2012, with redacted attachment (Exh. 3).

[3]As was previously the case, if either side files an objection to this discovery ruling, then these six letters will be docketed with the Clerk's Office on CM/ECF.  (Dkt. #87, at 2, n.2; Dkt. #158, at 3, n.3; Dkt. #159, at 3, n.2; Dkt. #165, at 2, n.6; Dkt. #166, at 2, n.2; Dkt. #167, at 2, n.4).

copies of the Haircut Calculations dated December 8, 2006, and June 1, July 3, August 1, September 4, and September 5, 2007.  (At 3-4).  In their letter, dated October 22, 2012, defendants ask for a modification of this order, to include Haircut Calculations from December 2004 through November 2006, as to which HSBC has no continuing objection, so that defendants would be able to review the Haircut Calculations "in the several months before and after the negotiations of the Side Letter in May 2005."  (October 22 Letter at 1-2)(emphasis omitted)[4]; see also October 25 Letter at 1 (defendants "request only a slight expansion" of the October 10, 2012 Ruling); October 31 Letter at 1).  Plaintiff argues that defendants' request is "undoubtedly cumulative and in no way will shed any additional light with respect to the issue of haircuts, especially since [d]efendants intend on taking the depositions of representatives of BNP and HSBC, the entities responsible for administering the complex haircut calculations . . . ."  (October 24 Letter at 1-2; see also October 26 I Letter at 1-2 & Exh. 1 (plaintiff voluntarily provided December 8, 2004 HSBC Confirmation and defendants are engaging in "overkill.")(footnote omitted).

While the Magistrate Judge agrees that this supplemental disclosure is not necessary, in light of the lack of objection by HSBC, on which the burden of production is placed, defendants' request for modification is granted.  HSBC to provide these supplemental Haircut Calculations, with the same redactions as in the October 10, 2012 Ruling (at 4) to defense counsel, **on or before November 26, 2012**.[5]

---

[4]Defendants have made the same request with regard to the BNP documents.  (Id. at 2).

[5]At some point convenient to this Magistrate Judge, she will review the 929 pages provided by BNP to determine if any addtional documents should be disclosed.  See note 4 supra.

2.  MOTION TO COMPEL PLAINTIFF TO PRODUCE DEPOSITION TRANSCRIPTS AND OTHER RELEVANT DOCUMENTS FROM THE TOLEDO ACTION

In their letter, dated October 22, 2012, defendants request to production of deposition transcripts of plaintiff, Gigi Iza, and Gordon Miller taken in the Toledo Action (see October 10, 2012 Ruling at 3 & n.4), as well as production of "all documents from the Toledo Action that are responsive to [d]efendants' document requests in this action." (October 22 Letter at 2-3).  Plaintiff objects that this request is untimely, in that it was made after the September 28, 2012 discovery cut-off, that defendants were aware of the existence of the Toledo Action "two months ago[,]" and that defendants failed to meet and confer regarding these requests, but "[n]otwithstanding the foregoing," plaintiff is willing to produce the requested transcripts while "reserv[ing his] rights to object to their use at trial." (October 24 Letter at 2; see also October 26 I Letter at 2; October 31 Letter at 1-2).  However, plaintiff refuses to provide copies of the more than one million "irrelevant documents" that were part of "a massive document dump" by HSBC in the Toledo Action "on the final day of discovery[.]"  (October 24 Letter at 3; see also October 26 I Letter at 2-3).

Defendants have responded that they disagree with plaintiff's characterizations of this request, that defendants also need production of any exhibits from the depositions in question, and that plaintiff should produce copies of any Toledo Action materials that are not publicly available on PACER.  (October 25 Letter at 1-2 & n.1).  Plaintiff contends that defendants already have in their possession "more than a sufficient number of documents to examine the remaining witnesses about haircuts and [p]laintiff's relationship with HSBC or BNP[,]" so that "[t]here is no need for [d]efendants to possess all other exhibits concerning hundreds of pages of deposition testimony that have nothing to do with this case."  (October 26 I Letter at 3).

4

Defendants' motion is <u>granted with respect to production of the deposition transcripts</u> <u>of plaintiff, Gigi Iza, and Gordon Miller taken in the Toledo Action, as well as production of</u> <u>any exhibits marked during discussions of haircuts, for which plaintiff shall comply</u> **on or** **before November 21, 2012**; it is far to cumbersome, and also unnecessary, for plaintiff to cull through the more than one million documents provided by HSBC to plaintiff apparently on the last day of discovery in the Toledo Action.

### 3. SCHEDULING DEPOSITIONS OF HSBC AND BNP CORPORATE REPRESENTATIVES

The September 2012 Ruling ordered that the depositions of the HSBC and BNP representatives be held on or before November 9, 2012 (at 3), but apparently neither bank is able to abide by that deadline; one matter about which counsel are willing to agree is that as long as the Court approves, the BNP deposition can be held during "the third week of December."  (October 22 Letter at 3-4; October 26 Letter I at 4; October 26 Letter II; October 31 Letter at 2).  Accordingly, the BNP deposition shall be completed **on or before** **December 21, 2012**, and the HSBC deposition shall be completed **on or before** **November 30, 2012**.

### 4. DISCOVERY OF DEFENDANTS' EXPERT

Counsel have agreed to hold the deposition of defendant's newly disclosed expert, Victor Zimmerman, in December, as long as the Court approves, and defense counsel has agreed to the production of "discoverable, non-privileged documents relied upon by the expert[]"; as such, the Magistrate Judge need not address whether the disclosure of this witness at 9:00 p.m. on September 28, the last day of discovery, was untimely. (October 24 Letter at 3; October 25 Letter at 2; October 31 Letter at 2; <u>see also</u> October 26 Letter I at 3).  Accordingly, plaintiff may conduct Zimmerman's deposition **on or before December**

**21, 2012**.

### 5.  ADDITIONAL DEPOSITION OF PLAINTIFF

The October 11, 2012 Ruling permitted defense counsel an opportunity to depose plaintiff for an additional three-and-one-half hours, with respect to any questions which defense counsel did not have an opportunity to ask at the conclusion of the August 17, 2012 and with respect to the HSBC and BNP documents.  (At 5).   Counsel have agreed that plaintiff will be deposed in New York in late November, as long as this extension is acceptable to the Court.  (October 24 Letter at 4; October 25 Letter at 3).  Accordingly, plaintiff shall be deposed, in accordance with the October 11, 2012 Ruling, **on or before November 21, 2012**.

### 6.  NEW CENTURY DOCUMENTS

Counsel represent that they are still trying to resolve certain logistical issues concerning production of certain sealed documents in the New Century bankruptcy.  (October 24 Letter at 4; October 25 Letter at 3; see October 9, 2012 Ruling at 5).

### 7.  CHECKLIST

On October 22, 2012 defendants produced defendant Rose's checklist, as ordered in the October 9, 2012 Ruling (at 7).  (October 25 Letter at 3).  However, plaintiff objects that the checklist has been "nearly fully redacted" without adequate explanation.  (October 26 Letter I at 3-4 & Exh. 3; see also October 24 Letter at 4).  Defendants have responded that they are willing to produce this document with the limited partners' names redacted but identified by number only.  (October 31 Letter at 2).   Defendants shall provide the supplemental checklist **on or before November 16, 2012**.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 7th day of November, 2012.

 /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge