UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH UMBACH,<br>      Plaintiff,<br><br>      v.<br>CARRINGTON INVESTMENT PARTNERS<br>(US) LP, *et al.*,<br>      Defendants. | No. 3:08-cv-00484 (JAM) |

## RULING ON PENDING MOTIONS

Plaintiff Joseph Umbach brought this contract claim against defendant investment funds, seeking damages for the loss plaintiff sustained after the funds refused to let him withdraw his investment in the midst of the 2007 financial crisis. On March 18, 2015, this Court (*Burns, J.*) entered a "Judgment & Order on Cross-Motions for Summary Judgment Regarding Rescission, Damages, Immunity & Indemnification" (Doc. #293). I now address plaintiff's motion to clarify and adjust the interest award and defendants' motion to stay the execution of judgment pending appeal and to approve a supersedeas bond.

### BACKGROUND

On March 18, 2015, Judge Burns ruled on the parties' cross-motions for summary judgment and awarded plaintiff $1,335,137.55 in contract damages, as well as prejudgment "interest pursuant to 6 Del. C. § 2301(a) . . . . calculated as simple interest from October 26, 2007 to 15 days from the date of this judgment." Doc. #293 at 20. The total award was contingent on plaintiff filing an amended complaint within 10 days after the order was filed. *Ibid.* Plaintiff did so, but no separate judgment has yet entered in the case.

On April 16, plaintiff filed a Motion for Entry of Judgment, Interest and Costs (Doc. #297), seeking a modification of the Court's original prejudgment interest calculation, additional

prejudgment interest, postjudgment interest, and costs. On the same day, defendants entered a Notice of Appeal on the docket (Doc. #296). Several weeks later, defendants moved for the Court to approve a supersedeas bond of $1,890,000, and to stay of the execution of judgment pending appeal (Doc. #301). For the reasons that follow, I grant in part and deny in part plaintiff's motion, and grant defendants' motion.

## DISCUSSION

### *Plaintiff's Motion for Judgment, Interest and Costs*

Plaintiff now asks the Court to enter judgment in the amount of the compensatory damages and prejudgment interest awarded by the Court.[1] After this Court's March 2015 Order, no separate document was filed to issue the Court's final judgment.[2] *See* Fed. R. Civ. P. 58(a) & (c)(2); *see also Arzuaga v. Quiros*, 781 F.3d 29, 33 (2d Cir. 2015). By separate document to be filed today, judgment shall enter.

As to plaintiff's motion for prejudgment interest, I conclude that this motion is timely and appropriate under Fed. R. Civ. P. 60(b), although "[t]he Second Circuit has not addressed the precise issue regarding when and how a district court can amend or correct a judgment that ordered prejudgment interest but failed to fix and calculate such interest." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 956 F. Supp. 2d 402, 412 (E.D.N.Y. 2013).

---

[1] Although plaintiff initially sought to reduce the prejudgment interest award based on two principal payments received from defendant, he subsequently withdrew that request in light of defendants' opposition to a reduction of the award. *See* Doc. #300 at 4 & n.6.

[2] There has been no argument that the Court's electronic docket entry of March 18, 2015, satisfies the separate document rule. *See, e.g.*, *Redhead v. Conference of Seventh-Day Adventists*, 360 Fed. App'x 232, 233 (2d Cir. 2010).

The parties agree that under the Court's March 2015 Order, prejudgment interest should accrue on the compensatory damage award of $1,335,137.55 between October 26, 2007, and April 1, 2015, and that it should be calculated as simple interest accruing at an annual rate of 5.125%. Accordingly, I award $508,600.54 of prejudgment interest pursuant to the March 2015 Order. I reach this figure by (1) calculating the annual accrued interest ($68,425.80); (2) multiplying that figure by seven to account for the number of years between October 26, 2007 and October 26, 2014 ($478,980.60); and (3) adding that amount to the prorated interest that accrued daily in the 158 days between October 26, 2014 and April 1, 2015 ($29,619.94).[3]

Plaintiff also seeks an additional award of prejudgment interest extending from April 1, 2015, until the date of judgment. This, too, is a timely motion under Rule 60(b). *See L.I. Head Start Child Dev. Servs., Inc.*, 956 F. Supp. 2d at 414; *see also Dudley ex rel. Estate of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 666 (2d Cir. 2002). And granting this motion is fair and appropriate, in light of the Court's intent that interest accrue until the damage award is paid. *See* Doc. #293 at 20 n.4 (noting the Court's intent to award postjudgment interest if defendant does not tender payment to plaintiff within 15 days of its order).

Delaware law, which governs this Court's prejudgment interest award, recognizes "the strong public policy that favors providing full compensation to prevailing plaintiffs who do not contribute to the defendant's delay in paying," *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 487 (Del. 2011), and generally awards prejudgment interest until the entry of judgment. *See, e.g.*, *Cede & Co. v. Technicolor, Inc.*, 884 A.2d 26, 43 (Del. 2005). Accordingly, because plaintiff bears no responsibility for the continued delay in this case following the Court's

---

[3] Defendants' calculation is slightly lower because of a rounding error in the proportion of annual interest accruing between October 26, 2014, and April 1, 2015. *See* Doc. #298 at 2 n.2. Plaintiff, on the other hand, undercounts one day of interest from October 26, 2007, and over-counts two days of interest during leap years. *See* Doc. #300-5.

3

March 2015 Order, prejudgment interest shall continue to accrue until judgment enters or until the damages are paid. On the basis of a calculation of 5.125% annual interest on the award of $1,335,137.55 from April 1 to July 21, 2015, I award an additional $20,808.94 of prejudgment interest.

But as judgment has only now entered, it would be premature to award postjudgment interest at this time. *See* 28 U.S.C. § 1961(a) (providing that postjudgment interest "shall be calculated from the date of the entry of the judgment"). Similarly, I deny plaintiff's motion for costs as premature, because such a motion may be considered by the Clerk only after a final judgment has entered and the time for appeal has expired or after the issuance of a mandate by an appellate court. *See* D. Conn. L. Civ. R. 54(a).

### *Defendants' Motion for Supersedeas Bond*

Defendants have likewise moved to stay execution of the Court's judgment pending defendants' appeal, and contingent upon defendants' posting of a supersedeas bond in the amount of $1,890,000, pursuant to Fed. R. Civ. P. 62(d).

Rule 62(d) of the Federal Rules of Civil Procedure provides that an appellant is entitled to an automatic stay pending appeal if he posts an adequate supersedeas bond. *See* Fed. R. Civ. P. 62(d); *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (*per curiam*); *Bank of New York Mellon v. Worth*, 2015 WL 1780719, at *2 & n.2 (D. Conn. 2015). "The amount of the bond generally includes the principal amount of the judgment, anticipated interest on the judgment, and costs." *Ibid.* I need only ensure "the solvency of the sureties and the sufficiency of securities" offered. *Rand-Whitney Containerboard Ltd. P'ship v. Town of Montville*, 245 F.R.D. 65, 68–69 (D. Conn. 2007) (citing *Jerome v. McCarter*, 88 U.S. 17 (Oct. Term 1874)).

4

Here, the bond offered by defendants is sufficient to cover any obligation defendants are likely to incur if they lose on appeal. It exceeds the total compensatory damages ($1,335,137.55) and adjusted prejudgment interest award ($529,409.48, as of July 21, 2015), and also includes over two years of postjudgment interest calculated under the federal statute, 28 U.S.C. § 1961, as well as plaintiff's requested costs of $12,235.15, *see* Doc. #297-3 at 2.[4] I am also satisfied that the surety holding the bond, the Great American Insurance Company, is solvent and will be able to pay in the event that defendants lose on appeal.[5] I do not agree with plaintiff's argument that defendants have a separate contractual obligation to pay the judgment now; the judgment will be stayed automatically if defendant posts the aforementioned bond, and a postjudgment motion is not an appropriate vehicle for plaintiff to litigate a new breach-of-contract claim. Defendants' motion is granted.

## CONCLUSION

Plaintiff's motion for judgment, interest, and costs (Doc. #297) is GRANTED in part and DENIED in part. Prejudgment interest shall be calculated as simple interest accruing at an annual rate of 5.125% from October 26, 2007, to the date of today's ruling and the entry of separate judgment on the docket. Plaintiff's request for postjudgment interest and for costs is DENIED without prejudice. The Clerk shall enter judgment for plaintiff in the amount of $1,335,137.55 of

---

[4] The postjudgment interest rate, provided under 28 U.S.C. § 1961(a), fluctuates weekly, but I base my calculations on the weekly average of .28% during June 2015. *See* Board of Governors of the Fed. Reserve Sys., *Selected Interest Rates (Weekly) – H.15* (July 20, 2015), http://www.federalreserve.gov/releases/h15/current/.

[5] The Great American Insurance Company, the surety holding defendants' bond, "has been rated A . . . or better by A.M. Best for over 100 consecutive years" and has most recently received an A+ rating. Doc. #301 at 1; AM Best, *Ratings and Criteria Center: Great American Insurance Company* (Mar. 20, 2015), http://www3.ambest.com/ratings/entities/CompanyProfile.aspx?ambnum=2213&URatingId=1898384&bl=0&AltSrc=1&PPP=&AltNum=0&Ext_User=&Ext_Misc=. *See also Alford v. Aaron Rents, Inc.*, 2011 WL 3903825, at *3 (S.D. Ill. 2011) (requiring a surety holding a supersedeas bond to "have an AM Best or equivalent financial rating of at least A-, a financial category of at least XII, and an outlook of 'positive' or 'stable.'").

6

compensatory damages, plus prejudgment interest in the amount of $529,409.48, as of July 21, 2015, for actual judgment award of $1,864,547.03.

Defendants' motion for approval of the proposed supersedeas bond of $1,890,000 (Doc. #301) is GRANTED.

It is so ordered.

Dated at New Haven this 21st day of July 2015.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge